**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| M.A.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　　　　　　　　　　Defendant. | Civil Action No. 20-11609 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

　　　This matter comes before the Court on the appeal by Plaintiff M.A. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Cɪᴠ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

　　　In brief, this appeal arises from Plaintiff's application for disability insurance benefits and supplemental security income benefits, alleging disability beginning August 13, 2017. A hearing was held before ALJ Dina R. Loewy (the "ALJ") on March 4, 2019, and the ALJ issued an unfavorable decision on June 20, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of June 20, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) at step four, the ALJ failed to properly consider the treating physician's opinion; 2) at step four, the ALJ did not sufficiently explain the weight given to Plaintiff's subjective complaints of pain; and 3) at step four, the ALJ did not sufficiently consider obesity in combination with other impairments.

Plaintiff's principal argument on appeal challenges the ALJ's determination, at step four, that the opinion of treating physician Dr. Prasad is not persuasive. (Tr. 22.) Plaintiff argues that this was improper under Third Circuit law, as reflected in cases such as Morales, which requires that an ALJ give the opinion of a treating physician "great weight" unless certain conditions are met. Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).

In opposition, the Commissioner contends that Plaintiff's arguments about the ALJ's consideration of the treating physician opinion must fail because Plaintiff has overlooked the sea change in Social Security law effected by 20 C.F.R. § 404.1520c. The Commissioner is correct

2

that Plaintiff has failed to recognize the impact of 20 C.F.R. § 404.1520c on this case. This Regulation applies to claims filed on or after March 27, 2017, and Plaintiff filed his claim after that date. In short, this Regulation eliminates preferential weighting for the opinions of treating physicians, and requires that all medical opinions be evaluated for persuasiveness based primarily on the factors of supportability (extent to which a medical source has supported an opinion with explanations and evidence) and consistency (with other medical evidence). Plaintiff's brief thus relies to a significant extent on law that has been superseded. Plaintiff filed no reply brief.

While the Commissioner observes correctly that Plaintiff is therefore incorrect about a key point of law, this does not mean that all of Plaintiff's arguments about the handling of Dr. Prasad's opinion must necessarily fail. Plaintiff does make arguments which do not depend on the preference formerly given to treating physician opinions. Plaintiff argues: "the ALJ completely ignored the positive EMG findings of Dr. Prasad demonstrating the presence of a severe motor sensory neuropathy in both legs." (Pl.'s Br. 12.) Plaintiff is incorrect on this point because the ALJ acknowledged the findings of "decreased sensation in his bilateral lower extremities." (Tr. 22.) Plaintiff also argues that the ALJ ignored certain findings in the clinical notes, but supports this with a citation to roughly 70 pages of the record; the Court will not scour the record to hunt for ill-specified items of evidence.

A number of Plaintiff's remaining arguments suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and/or 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his

impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that he was harmed by this error.

These principles inform this Court's analysis of Plaintiff's argument that the ALJ relied on her own improper lay opinion about medical evidence when she wrote: "Dr. Prasad's opinion that the claimant could not stand or walk for more than a few minutes is also unsupported by the relatively benign treatment notes and is unpersuasive." (Tr. 22.) This Court need not determine whether, as Plaintiff argues, the descriptive term, "relatively benign," is an improper lay opinion, because Plaintiff has made no showing that striking this determination would change the outcome. Dr. Prasad did opine that Plaintiff cannot stand or walk for more than a few minutes (Tr. 322), and the ALJ cited ample evidence of record that supports the inference that

4

this overstates Plaintiff's difficulties, such as a number of pieces of evidence that Plaintiff only intermittently needs a cane to walk.   The ALJ pointed to substantial evidence supporting the determination that Plaintiff's ability to walk was not as limited as Dr. Prasad had opined.   Thus, even if there was an error, Plaintiff has not shown that he was harmed by it.   Pursuant to Shinseki, assuming, *arguendo*, that Plaintiff is correct about the improper lay opinion, Plaintiff must demonstrate that this error prejudiced him, that, but for the error, the outcome would have been different.   Plaintiff did not assert this, nor does this Court see a basis for such a conclusion.

Plaintiff next argues that the ALJ failed to address Dr. Prasad's opinion about Plaintiff's manipulative limitations.   The Commissioner, in opposition, cites a provision in the new Regulation:

> when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.

20 C.F.R. § 404.1520c(b)(1).   The ALJ presented a single analysis of Dr. Prasad's multiple opinions, in compliance with this regulatory provision.

Plaintiff next argues that the ALJ failed to point to any medical opinion that supported the rejection of the treating physician's opinion.   This argument fails for two reasons.   First, it is factually incorrect, since the ALJ cited and relied on the contrary opinions of the state agency reviewing physicians.   (Tr. 21-22.)   Second, the new Regulation, 20 C.F.R. § 404.1520c, requires that all medical opinions be evaluated for persuasiveness based on several factors, with no special weight given to the opinion of a treating physician.

5

Plaintiff next argues that "the ALJ did not fully articulate the prescribed analysis" of Plaintiff's subjective statements about his pain. (Pl.'s Br. 17.) The Third Circuit has stated:

> In *Burnett*, we held that an ALJ must clearly set forth the reasons for his decision. 220 F.3d at 119. . . . The ALJ must provide a "discussion of the evidence" and an "explanation of reasoning" for his conclusion sufficient to enable meaningful judicial review. *Id.* at 120; *see Jones v. Barnhart*, 364 F.3d 501, 505 & n.3 (3d Cir. 2004). The ALJ, of course, need not employ particular "magic" words: "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." *Jones*, 364 F.3d at 505.

Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009). In Diaz, the Third Circuit made clear that the law requires sufficient discussion of the evidence and explanation of reasoning to enable meaningful review, but that no particular format is required. This Court finds that, in the instant case, the ALJ's discussion of Plaintiff's subjective reports about his symptoms provides what the law requires.

Last, Plaintiff argues that the ALJ failed to consider the effects of Plaintiff's obesity in combination with his other impairments. The Commissioner, in opposition, points out that the ALJ discussed Plaintiff's obesity at steps two, three, and four. Moreover, again, Plaintiff has made no showing that the evidence supports a finding that Plaintiff's obesity, in combination with other impairments, has a greater limiting effect than the ALJ determined. In the absence of such a showing, Plaintiff has failed to demonstrate that he was harmed by any error.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors. Plaintiff has not shown that the ALJ erred at step four, has not shown that the evidence supported a decision in his favor, and has made no demonstration of

prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                              s/ Stanley R. Chesler
                                                              STANLEY R. CHESLER, U.S.D.J.

Dated: March 10, 2022